**Jil Mazer-Marino, Chapter 7 Trustee**
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
**990 Stewart Avenue, Suite 300**
**P.O. Box 9194**
**Garden City, New York 11530-9194**
**Telephone:  (516) 741-6565**
**Facsimile:   (516) 741-6706**
**jmazermarino@msek.com**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**In re:**

                                                                                                **Chapter 7**

**ORGANIC AVENUE LLC,**
                                                                                              **15-12787 (REG)**

                              **Debtor.**
-------------------------------------------------------------------X

**APPLICATION, WITH SUPPORTING DECLARATION,**
**FOR ENTRY OF AN ORDER SHORTENING**
**TIME FOR NOTICE WITH RESPECT TO TRUSTEE'S APPLICATION**
**FOR AUTHORITY TO RETAIN AND EMPLOY KEEN-SUMMIT**
**CAPITAL PARTNERS LLC AS MARKETING AND SALES AGENT FOR**
**THE ESTATE'S REAL PROPERTY LEASES**
**<u>AND INTELLECTUAL PROPERTY</u>**

**TO THE HONORABLE ROBERT E. GERBER**
**UNITED STATES BANKRUPTCY JUDGE**:

      Jil Mazer-Marino, the chapter 7 trustee (the "**Trustee**") for the above-captioned chapter 7 debtor (the "**Debtor**"), by this application (the "**Application To Shorten Time**") seeks entry of an order, pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9077-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), for entry of an order shortening time with respect to the Trustee's  application ("**Keen-Summit Retention Application**") seeking authorization for the Trustee's retention of Keen-Summit Capital Partner LLC ("**Keen-Summit**"), as sales and marketing agent for the Debtor's estate's real property

leases and intellectual property. In support of the Application To Shorten Time, the Trustee respectfully represents as follows:

## GROUNDS FOR THE KEEN-SUMMIT RETENTION APPLICATION TO BE HEARD ON SHORTENED NOTICE

1. The Debtor filed a voluntary petition for relief under chapter 7 on October 15, 2015. The Debtor was in the business of producing and retailing "grab and go" organic or all natural juices, cleanses, and food items. The Debtor produced its products at its commissary located in Long Island City, New York and sold its products at retail boutiques in prime Manhattan locations that operated under the name Organic Avenue. The Debtor leases the commissary space and the retail locations.

2. The Debtor's estate has little cash and the rent obligations under the Debtor's leases are burdensome thus placing extreme time pressure on the Trustee to dispose of the Debtor's real property leases and other assets as quickly as possible in order to avoid the incurrence of administrative expenses.

3. Since her appointment on the filing date, the Trustee has moved aggressively to establish a marketing and sale procedure for the Debtor's leases and intellectual property assets. The Trustee anticipates filing a sale procedures motion by October 30, 2015, seeking an expedited hearing on same for the following week and then moving as expeditiously as possible to conduct an auction sale. The Trustee intends to complete the sales process by the end of November.

4. The Trustee is seeking to retain Keen-Summit as marketing and sales agent to run the sale process for the Debtor's estate's real property leases and intellectual property. The Trustee's ability to retain Keen-Summit immediately is critical to to implement a marketing and sale procedure for the Debtor's assets in the time frame required by this case. Moreover, as more

detailed in the accompanying Keen-Summit Retention Application, Keen-Summit is uniquely qualified to assist the Trustee with the sale process in the Debtor's case because Keen-Summit was previously employed by the Debtor for similar purposes prior to the commencement of this case and Keen-Summit, due to the time exigency of the Chapter 7 sale process, is already working to implement the sale process pending the approval of its retention by this Court.

5. It is Keen's position – with which the Trustee agrees –that Section 328(a) review is designed for contingency fee arrangements like Keen's, and it is the appropriate standard to apply in this case. Accordingly, Keen has requested, and the Trustee has agreed, that Keen's compensation under its retainer agreement with the Trustee will be subject to review exclusively under the standards set forth in section 328(a) of the Bankruptcy Code.

6. In particular, section 328(a) provides, in pertinent part, that

"the trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of the such terms and conditions."

7. Section 330(a)(1)(A) of the Bankruptcy Code provides, in pertinent part, that "the court may award to . . . a professional person employed under section 327 . . . reasonable compensation for actual, necessary services rendered . . ."

8. In previewing the Keen-Summit Retention Application with the Office of the United States Trustee ("**UST**"), the Trustee explained that Keen sought an order pursuant to which the review of its compensation would be done solely under the section 328 standard, *i.e.*, Keen would be entitled to compensation according to the terms of its retention agreement with the estate absent circumstances that render such compensation "improvident."

9. The UST advised the Trustee that it would require that Keen-Summit's compensation be reviewable under section 330 of the Bankruptcy Code.

10. While the Trustee would normally seek the retention of a real estate consultant, such as Keen-Summit, on an *ex parte* basis, where a contested retention application is anticipated, the Trustee would normally bring on a motion on fourteen days' notice.

11. Here the requirements of the Debtor's case simply do not allow for a full notice of motion time period in adjudicating the Keen-Summit retention application.

12. Accordingly, the Trustee is seeking an immediate hearing on an expedited basis on shortened notice.

13. The Trustee believes that Keen-Summit's request is appropriate in light of the circumstances of this case. Keen-Summit commenced work on a good faith basis prior to the approval of its retention by this Court in order to assist the Trustee's efforts to complete the sale process in an expedited fashion.

14. Keen-Summit is taking a fairly high degree of financial risk in undertaking this assignment on a contingency basis, committing itself to provide substantial services without firm assurance of any payment or the level of such compensation.

## **NOTICE**

15. Notice of this Application will be given to (i) the Debtor's counsel and (ii) the UST. The Trustee submits that, under the circumstances, no other or further notice is required.

16. No prior request for the relief sought herein has been made to this or any other Court.

## **CONCLUSION**

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit 1, scheduling an expedited hearing on the Keen-Summit Retention Application on shortened notice, granting the relief requested herein and granting the Trustee such other and further relief as may be just and proper.

**Dated: Garden City, New York**
       **October 29, 2015**

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**

**By:** */s/ Jil Mazer-Marino*
     **Jil Mazer-Marino, Esq.**
**990 Stewart Avenue, Suite 300**
**Garden City, New York 11530**
**Tel: (516) 741-6565**
**Email: jmazermarino@msek.com**

# **DECLARATION**

**JIL MAZER-MARINO**, pursuant to 28 U.S.C. § 1746, declares that the foregoing is true and correct to the best of my knowledge, under penalty of perjury:

Executed this 29th day of October, 2015,
at Garden City, New York

*Jil Mazer-Marino*

1084690