| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------<br>In re                                                                    :<br>                                                                              :<br>**ORGANIC AVENUE LLC,**                              :<br>                                                                              :<br>                       Debtor .                                    :<br>------------------------------------------------------ | Hearing: November 3, 2015 (9:45 a.m.)<br><br><br>Chapter 11<br><br>Case Number 15-12787 (REG) |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO
TRUSTEE'S APPLICATION FOR AUTHORITY TO RETAIN KEEN-SUMMIT
CAPITAL PARTNERS LLC AS MARKETING AND SALES AGENT FOR THE
ESTATE'S REAL PROPERTY LEASES AND INTELLECTUAL PROPERTY**

William K. Harrington, United States Trustee for Region 2 (**"United States Trustee"**), submits the following limited objection (**"Objection"**) to the Trustee's Application for Authority to Retain and Employ Keen-Summit Capital Partners LLC as Marketing and Sales Agent for the Estate's Real Property Leases and Intellectual Property (**"Application"**). Dkt. No. 19. In support of thereof, the United States Trustee respectfully states:

## I. INTRODUCTION

The retention application of Keen-Summit Capital Partners LLC (**"Keen-Summit"**) is styled as a section 327(a)-328(a) hybrid. But for this engagement, the firm's compensation structure consists of a uniform five-percent transaction fee of the gross proceeds from any lease transaction entered into by the chapter 7 trustee (**"Transaction Fee"**). The United States Trustee does not object to the structure of this proposed compensation. Rather, the United States Trustee objects to that portion of the Application which seeks the pre-approval of Keen-Summit's proposed Transaction Fee under section 328(a), because it does not carve out the Court's and the United States Trustee's right to review that fee under the reasonableness standard of review set forth in Section 330 of the Bankruptcy Code.

1

## II. BACKGROUND

**A.    General**

1.    On October 15, 2015, the Debtor commenced a voluntary case under Chapter 7 of the Bankruptcy Code.  Dkt. No. 1.

2.    The United States Trustee appointed Jil Mazer-Marino as the chapter 7 trustee (**"Trustee"**) on October 16, 2015.

3.    According to the Trustee, the Debtor's business consisted of producing and selling "grab & go" organic or all-natural juices, cleanses and food items.  Application, ¶ 3, at 2.  The Debtor's production was headquartered from a commissary located in Long Island City, New York, and its sales were made from "retail boutiques in prime Manhattan locations that operated under the name Organic Avenue."  *Id*.  Both the commissary facilities and the Debtor's retail locations were leased by the Debtor.  *Id*.

4.    The Debtor also owns an Organic Avenue trademark and other intellectual property.  *Id.*, ¶ 4, at 2.

5.    With its corporate predecessor already having evaluated the Debtor's leases in December 2014, the Trustee advises that Keen-Summit has experience and knowledge with respect to this portion of the Debtor's assets.  *Id.*, ¶ 11, at 3-4.  The Trustee desires to dispose of the estate's leases as expeditiously as possible, so as to minimize the accrual of rent-based administrative expenses, and also sell the estate's intellectual property.  *Id.*, ¶ 12, at 4.

**B.     The Keen-Summit Application**

6.      On October 29, 2015, the Trustee filed the Application, pursuant to which the estate seeks to retain Keen-Summit under sections 327(a) and 328(a) of the Bankruptcy Code.  Dkt. No. 19.

7.      The compensation structure negotiated by the Trustee and Keen-Summit consists of a uniform five-percent Transaction Fee.  As set forth in the Application:

  (b)    Compensation

    (i)     <u>Transaction Fee for the Sale of Debtor's Intellectual Property</u>.  As and when Trustee closes a transaction pertaining to Debtor's intellectual property, whether such transaction is completed individually or as part of a package or as part of a sale of all or a portion of Debtor's business, then Keen-Summit shall have earned compensation per transaction equal to five percent (5%) of "Gross Proceeds" from the transaction.

    (ii)    <u>Transaction Fee for the Disposition of Leaseholds & Settlement of Landlord Claims</u>.  When Trustee completes a leasehold Property transaction (i.e., the assignment of a lease or the waiver of a cure claim), whether such transaction is completed individually or as part of a package or as part of the disposition of Debtor's business, then Keen-Summit shall have earned as compensation per Property five percent (5%) of Gross Proceeds from the transaction.

    (iii)   <u>Timing of Payment</u>.  All transaction fees shall be paid, in full, off the top, from the transaction proceeds or otherwise, simultaneously with the closing or other consummation of each transaction.

8.      Keen-Summit's commission-based transaction fees are subject to a "cap," such that they cannot exceed 25 percent of the cash or cash equivalent portion of the "Gross Proceeds" of any discrete "transaction."  Application, ¶ 14(b)(v), at 6.

9.      Under this compensation arrangement, the Court and the United States Trustee would have the right to review the Transaction Fee under only the improvident standard set forth in section 328(a).  *See* Application, Exh. B, Engagement Letter, ¶ C.2, at 5; and proposed retention order, first "Ordered" paragraph, at 1.

### III.  OBJECTION

A.  **The Governing Law**

The Application relies on sections 327(a), 328(a), and 330 of the Bankruptcy Code.

**1.  Section 327(a).**

Pursuant to Section 327(a) of the Bankruptcy Code:

> the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

"[A]pproval under § 327 [of the Bankruptcy Code] establishes only that [a professional] may be employed by the debtor-in-possession, and not that his employment will therefore or thereafter be compensated from estate funds."  In re Engel, 124 F.3d 567, 572 (3d Cir. 1997); *see also* In re Johns-Manville Corp., 32 B.R. 728, 731 (S.D.N.Y. 1983)("section 327 approvals are merely preliminary 'go aheads' rather than conclusive determinations [of fees and expenses]").  Therefore, Section 327 establishes no guaranteed right to payment of fees.  Rather, this provision simply sets the guideposts for retention, such as requiring that the professional is disinterested and lacks any materially adverse interest.  See 11 U.S.C. § 327(a).

**2.  Section 328(a).**

Likewise, Section 328 of the Bankruptcy Code creates no automatic right of payment. This provision authorizes:

4

> employment of a professional person under section 327 or 1103 of this title, as the case may be, **on any reasonable terms and conditions of employment**, including on a retainer, on an hourly basis, or on a contingency fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, **if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.**

11 U.S.C. § 328(a)(emphasis added).

Under section 328(a), the Court "may not award a fee different from one that it has approved in a retention order unless it finds that the terms in the retention order were 'improvident in light of developments not capable of being anticipated at the time.'" In re Smart World Techs., LLC, 383 B.R. 869, 877 (S.D.N.Y. 2008), *aff'd*, 552 F.3d 228 (2d Cir. 2009); Houlihan Lokey v. High River Ltd. P'ship, 369 B.R. 111, 117 n.8 (S.D.N.Y. 2007) (affirming reduction of $18 million transaction fee sought by Houlihan to $4.0 million); 11 U.S.C. § 328(a). Thus, in approving a fee arrangement under section 328(a), it has been held that "a court may not revisit the reasonableness" of the arrangement when approval of the fees eventually is sought. In re XO Comm'ns, Inc., 323 B.R. 330, 339 (Bankr. S.D.N.Y. 2005).

    **3.    Section 330.**

Bankruptcy Code section 330(a) provides:

After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103-

reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) and (B).

5

**B.    The Application Does Not Support Approval of the Transaction Fee
Under the Improvident Standard Section 328.**

Sections 328 and 330 of the Bankruptcy Code establish a two-tiered system for judicial review and approval of the terms of a professional's retention.  Section 330 authorizes the bankruptcy court to award a retained professional "reasonable compensation" based on an after-the-fact consideration of "the nature, the extent, and the value of such services, taking into account all relevant factors." 11 U.S.C. § 330(a).

However, section 328(a) - the standard of review that Keen-Summit seeks for the Transaction Fee - requires the Court to forgo a full *post-hoc* reasonableness inquiry if it pre-approves the "employment of a professional person under section 327 ... on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).  Simply put, if the Court pre-approves the terms and conditions of the retention under section 328(a), its power to amend those terms is severely constrained.  The Court may only "allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." *Id.*

The Second Circuit has held that "pre-approval of a fee agreement under 11 U.S.C. § 328(a) depends on the totality of the circumstances, including whether the professional's application, or the court's order, referenced section 328(a), and whether the court evaluated the propriety of the fee arrangement before granting final, and not merely preliminary, approval." Smart World, 552 F.3d at 232.  Here, it would be inappropriate to apply the restraints of section

6

328(a) to the Court's and the United States Trustee's review of the Transaction Fee. Instead, reliance upon the reasonableness standard of section 330 is justified and appropriate.

First, the burden of proof to establish that the terms and conditions of employment – including the imposition of section 328(a) – is on Keen-Summit, as applicant. In re Airspect Air, Inc., 385 F.3d 915, 921 (6th Cir. 2004) ("burden should rest on the applicant to ensure that the court notes explicitly the terms and conditions if the applicant expects them to be established at that early point."), *quoting* Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc., 50 F.3d 253, 262 (3d Cir. 1995). To meet its burden, the firm must provide specific evidence to establish that "the terms and conditions are in the best interest of the estate." In re Gillett Holdings, Inc., 137 B.R. 452, 455 (Bankr. D. Colo. 1991). A professional's requested invocation of section 328(a) is neither mandatory nor automatic, regardless of the proposed compensation scheme. A professional should not automatically expect approval of its retention under section 328 just because it asks for it.

Based on the record before it, the Court cannot make the findings to approve the proposed Transaction Fee. Keen-Summit has not even attempted to meet its burden of proof to demonstrate why, or how, the terms and conditions of the Transaction Fee are reasonable under section 328(a). Parties seeking employment of professionals under Section 328(a) "must establish that the terms and conditions of employment are reasonable, and evidence, not conclusory statements, is required to satisfy that burden." In re High Voltage Engineering Corp., 311 B.R. 320, 333 (Bankr. D. Mass. 2004). Given Keen-Summit's failure to meet its burden of proof and the lack of information regarding what the Court is being asked to pre-approve, its request for approval of the Transaction Fee under Section 328(a) should be denied.

**C.      The United States Trustee Should Review the Transaction Fee
Under the Reasonableness Standard of Section 330.**

Although it would be inappropriate to apply the restraints of section 328(a) to the United States Trustee's review of the Transaction Fee, an alternative is for the United States Trustee to review the Transaction Fee under section 330 of the Bankruptcy Code. Section 330 focuses on reasonableness and benefit to the estate of the professionals' services. Typically, under section 330, an application for compensation and reimbursement of expenses must demonstrate that the professional's services were necessary and conferred a benefit to the estate or its creditors. In re Angelika Films 57th, Inc., 227 B.R. 29, 42 (Bankr. S.D.N.Y. 1998); In re XO Comm'ns,, 323 B.R. at 340, see also In re Northwest Airlines Corp., 400 B.R. 303, 402 (Bankr. S.D.N.Y. 2009) (denying the completion fee to financial advisor, stating that "while [the financial advisor] may feel it is under-compensated when compared to the amounts it routinely receives in other engagements, [the financial advisor] has not met its burden of proof that award of the Completion Fee in this case is reasonable based upon the work [the financial advisor] has performed and its impact upon the reorganization.").

As stated above, Keen-Summit's retention is styled as a section 327(a)-328(a) hybrid, with a proposed compensation structure akin to the compensation structures of investment bankers and financial advisors who are retained in Chapter 11 cases under Section 328(a). Indeed, the Transaction Fee proposed by the firm is no different than the transaction, completion and success fees routinely sought by financial professionals and approved by the Court. There is no reason why the standard of review for the United States Trustee should be different, even for a Chapter 7 trustee's professional.[1]

---

[1] Here, the standard of review that Keen-Summit seeks to impose on the United States Trustee

Finally, Keen-Summit has cited no case in this District where the Court approved a Chapter 11 retention application under section 328(a) where the United States Trustee was not granted the right to review all fees of that retained professional under the reasonableness standard of Section 330.  Moreover, the Court's right to review and rule on any objection filed by the United States Trustee should also be preserved.  <u>See</u> <u>e.g.,</u> attached hereto as Exhibit A, <u>In re NII Holdings Inc., et al.</u>, Case No. 14-12611 (SCC), Dkt. No. 102 (Order retaining Alvarez & Marsal NA, LLC as Debtors' restructuring advisor, at ¶ 5); <u>In re Legend Parent, Inc., et al.</u>, Case No. 14-10701 (RG), Dkt. No. 286 (Order retaining Lazard Frères & Co. as Debtor's investment banker at ¶ 3); <u>In re Inversiones Alsacia S.A., et al.</u>, Case No. 14-12896 (MG), Dkt. No. 72 (Order retaining FTI Consulting Canada ULC as Debtors' financial advisor at ¶7); <u>In re Metro Affiliates, Inc., et al.</u>, Case No. 13-13591 (SHL), Dkt. No. 192 (Order retaining Rothschild Inc. as Debtors' financial advisor at ¶ 8) (exh. omitted); <u>In re Grubb & Ellis Company, et al.</u>, Case No. 12-10685 (MG), Dkt. No. 190 (Order retaining Alvarez & Marsal NA, LLC as Debtors' financial advisor and Alvarez & Marsal Securities, LLC as Debtors' investment banker at ¶6); <u>In re Betsey Johnson LLC</u>, Case No. 12-11732 (JMP), Dkt. No. 114 (Order retaining Richter Consulting, Inc. as Debtor's financial advisor at ¶ 5); <u>In re Neff Corp., et al.</u>, Case No. 10-12610 (SCC), Dkt. No. 293 (Order retaining Miller Buckfire as Debtor's financial advisor and

---

for the review of its Transaction Fee would, if this were a financial advisor's retention application, violate the well-established Blackstone Protocol, which provides that the "the United States Trustee retains all rights to object to . . . interim and final fee applications (including expense reimbursement) on all grounds including but not limited to the reasonableness standard provided for in Section 330 of the Bankruptcy Code."  <u>See</u> <u>In re Global Crossing, Ltd., et al.</u>, Case No. 02-40187 (REG), Interim Order Pursuant to §§ 327(a) and 328(a) Authorizing the Employment and Retention of the Blackstone Group, L.P. as Financial Advisor to the Debtors and Debtors-in-possession, at 2-3, available at http://www.usdoj.gov/ust/r02/docs/chapt11/manhattan_retention/GlobalX328_Complete.pdf.

investment banker at ¶ 12) (exh. omitted); In re TerreStar Networks Inc., et al., Case No. 10-15446 (SHL), Dkt. No. 311 (Order retaining Blackstone Advisory Partners L.P. as Debtor's financial advisor at ¶ 5) (exh. omitted); In re Aereo, Inc., Case No. 14-13200 (SHL), Dkt. No. 107 (Order retaining Brown Rudnick LLP as Debtor's counsel at ¶ 5).

Accordingly, the Application should be denied unless and until the United States Trustee is provided with the right to review the Transaction Fee under the reasonableness standard of Section 330.

## IV.  CONCLUSION

WHEREFORE, the United States Trustee requests that the Court sustain his Objection, and deny that portion of the Application which does not allow for the Court and the United States Trustee to review Keen-Summit's entire compensation arrangement under Section 330 of the Bankruptcy Code, and grant such other relief that this Court deems just and proper.

Dated:  New York, New York
        November 2, 2015

                    Respectfully submitted,

                    WILLIAM K. HARRINGTON
                    UNITED STATES TRUSTEE

**By:**  */s/ Andrew D. Velez-Rivera*
      Andrew D. Velez-Rivera
      Trial Attorney
      201 Varick Street, Suite 1006
      New York, New York 10014
      Tel. No.  (212) 510-0500