**Jil Mazer-Marino, Chapter 7 Trustee**
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
**990 Stewart Avenue, Suite 300**
**P.O. Box 9194**
**Garden City, New York 11530-9194**
**Telephone:  (516) 741-6565**
**Facsimile:   (516) 741-6706**
**jmazermarino@msek.com**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
In re:

                                                                 **Chapter 7**

**ORGANIC AVENUE LLC,**

                                                                 **15-12787 (REG)**

                               **Debtor.**
-------------------------------------------------------------------X

**APPLICATION OF CHAPTER 7 TRUSTEE, WITH SUPPORTING
DECLARATION, FOR ENTRY OF AN ORDER (A) SHORTENING TIME
FOR HEARING ON TRUSTEE'S MOTION, PURSUANT TO 11 U.S.C. §§
105 AND 362, FOR AN ORDER ENFORCING AND EXPANDING THE
AUTOMATIC STAY AGAINST LANDLORDS OF PROPERTIES
LEASED BY THE WHOLLY-OWNED NON-DEBTOR SUBSIDIARIES
OF THE DEBTOR TO PRESERVE THE VALUE OF THOSE LEASES
FOR THE ESTATE AND (B) PENDING THE HEARING, GRANTING
<u>TEMPORARY RELIEF APPLYING AND ENFORCING THE STAY</u>**

**TO THE HONORABLE ROBERT E. GERBER**
**UNITED STATES BANKRUPTCY JUDGE**:

      Jil Mazer-Marino, the chapter 7 trustee (the "**Trustee**") for the above-captioned chapter 7 debtor (the "**Debtor**"), by this application (the "**Application**") seeks entry of an order (a), pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9077-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), scheduling an expedited hearing on shortened notice with respect to the *Trustee's Motion, Pursuant To 11 U.S.C. §§ 105 And 362, For An Order (A) Enforcing And Expanding The Automatic Stay Against Landlords Of*

*Properties Leased By The Wholly-Owned Non-Debtor Subsidiaries Of The Debtor To Preserve The Value Of Those Leases For The Estate, And (B) Ex Parte Temporary Relief* (the "**Motion**"). In support of the Application, the Trustee respectfully sets forth as follows:

## GROUNDS FOR THE MOTION
## TO BE HEARD ON SHORTENED NOTICE

1. The Debtor filed a voluntary petition for relief under chapter 7 on October 15, 2015. The Debtor was in the business of producing and retailing "grab and go" organic or all natural juices, cleanses, and food items. The Debtor produced its products at its commissary located in Long Island City and sold its products at retail boutiques in prime Manhattan locations that operated under the name Organic Avenue. The Debtor leases the commissary space and the retail locations.

2. The Debtor's estate has little cash and the rent obligations under the Debtor's leases are burdensome thus placing extreme time pressure on the Trustee to dispose of the Debtor's real property leases and other assets as quickly as possible in order to avoid the incurrence of administrative expenses.

3. Since her appointment, the Trustee has moved aggressively to establish a marketing and sale process for the Debtor's leases and intellectual property assets. The Trustee filed a sale procedures motion on October 30, 2015 and such motion is scheduled for an expedited hearing on November 3, 2015. The Trustee intends to complete the sale process by the end of November.

4. The Trustee is seeking an order that provides for the automatic stay of section 362 of the Bankruptcy Code to apply, or be expanded to apply, to prohibit the owners of certain real properties, where the wholly-owned non-debtor subsidiaries of the Debtor are tenants, from taking actions to terminate those leases or otherwise impair the Trustee's ability to realize value

2

for those leases via transactions, the benefits of which will flow directly into the Debtor's estate by virtue of the Debtor's one hundred percent ownership of the equity in such entities.

5. The leased properties were integral and inseparable from the Debtor's prior retail operations of its "grab and go" food service business and constitute eight out of the ten leased retail locations.

6. The Trustee is greatly concerned that the landlords under these leases have taken or will imminently take action to terminate the leases including sending demands for rent, notices of termination and actions in New York state court for non-payment and eviction.

7. The Trustee has already received demands for past due rent from several of the landlords and may not be aware of others due to the time lag in forwarding mail from a debtor to a chapter 7 trustee.

8. The estate now faces an immediate risk that its indirect interest in such leases would be impaired and destroyed as landlords engage in self-help or take legal action in state court to terminate the leasehold interests and take possession of the spaces, thus warranting an expedited hearing on shortened notice.

## GROUNDS FOR TEMPORARY RELIEF

9. With the Debtor's estate having little cash, the Trustee is in no position to oppose individually the eight landlords who have already begun the process of self-help to terminate their leases or to engage landlord-tenant counsel to defend potentially eight state court actions brought by the landlords for non-payment and eviction.

10. Accordingly, the Trustee is seeking the entry of order *ex parte* on a temporary basis in order to have the stay apply immediately to prevent actions by these landlords that may prejudice the Trustee's ability to sell these leases for value that would benefit the estate.

3

11.     On the other hand, the prejudice to these landlords from imposing the stay on a temporary basis pending the hearing is minimal in that, other than the passage of a few days or a week pending the hearing, their legal rights with respect to the leases would not be impacted.

12.     Indeed, the Trustee has already moved, and is continuing to move, with alacrity to assess the leases, their market value and for possible assignment transactions for them, all in the face of the chapter 7 case having been in existence for only two weeks and the Debtor having not even scheduled the non-debtor LLC's as assets on its bankruptcy schedules.

## NOTICE

13.     The Trustee submits that, under the circumstances, it is fair and reasonable for the Court to consider this Application and enter the requested order on an *ex parte* basis.

14.     No prior request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit 1, scheduling an expedited hearing on the Motion on shortened notice, granting temporary relief and granting the Trustee such other and further relief as may be just and proper.

**Dated: Garden City, New York**
**November 3, 2015**

By:   */s/ Jil Mazer-Marino*
    **Jil Mazer-Marino, Esq.**
    **MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
    **990 Stewart Avenue, Suite 300**
    **Garden City, New York 11530**
    **Tel: (516) 741-6565**
    **Email: jmazermarino@msek.com**

4

## **DECLARATION**

**JIL MAZER-MARINO**, pursuant to 28 U.S.C. § 1746, declares that the foregoing is true and correct to the best of my knowledge, under penalty of perjury:

Executed this 3rd day of November, 2015,
at Garden City, New York

*Jil Mazer-Marino*