**Jil Mazer-Marino, Esq.**
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
**990 Stewart Avenue, Suite 300**
**Garden City, New York 11530-9194**
**Telephone:  (516) 741-6565**
**Email: jmazermarino@msek.com**

*Proposed Counsel for the Interim Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
In re:

ORGANIC AVENUE LLC,

                         **Debtor.**
-----------------------------------------------------------------X

Chapter 7

15-12787 (REG)

**CHAPTER 7 TRUSTEE'S MOTION, PURSUANT TO 11 U.S.C. §§ 105 AND 362, FOR AN ORDER (A) ENFORCING AND EXPANDING THE AUTOMATIC STAY AGAINST LANDLORDS OF PROPERTIES LEASED BY THE WHOLLY-OWNED NON-DEBTOR SUBSIDIARIES OF THE DEBTOR TO PRESERVE THE VALUE OF THOSE LEASES FOR THE ESTATE AND (B) GRANTING EX PARTE TEMPORARY RELIEF**

      Jil Mazer-Marino, the interim chapter 7 trustee (the "**Trustee**") for the above-captioned debtor (the "**Debtor**") hereby submits this motion, pursuant to sections 105 and 362 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order (a) enforcing and expanding the automatic stay as against certain landlords of commercial real property leased to limited liability companies that are wholly-owned by the Debtor, and (b) granting temporary relief on an *exparte* basis.  In support of her motion, the Trustee respectfully sets forth as follows:

<u>**SUMMARY OF RELIEF REQUESTED**</u>

      1.     Under clear precedent in this Circuit and District, the Trustee is seeking an order that provides for the automatic stay of section 362 of the Bankruptcy Code to protect the Debtor's wholly owned limited liability companies that are tenants under commercial real

property leases from landlords that are seeking to terminate such leases.

2.      The leased properties were integral and inseparable from the Debtor's retail operations of its "grab and go" food service business and constitute eight out of the fourteen leased retail locations.  The leases are believed to be of substantial value and the Trustee is engaged in an expedited sale process to market the leases or the Debtor's interests in it limited liability companies.

3.      The estate now faces an immediate risk that its indirect interest in such leases will be impaired and destroyed as the landlords engage in self-help or take legal action in state court to terminate the leasehold interests and take possession of the spaces.

4.      The Trustee is seeking an expedited hearing on shortened notice for this motion and entry of order, on an *ex parte* basis, temporarily applying and enforcing the automatic stay against the landlords pending the hearing on this motion.

## JURISDICTION

5.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The bases for the relief requested herein are Bankruptcy Code sections 105 and 362 and Bankruptcy Rule 4001.

## BACKGROUND

A.      **The Bankruptcy Case**

7.      On October 15, 2015 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

8.      On October 16, 2015, the Trustee was appointed as the interim chapter 7 trustee in the Debtor's case.

9.    A meeting of creditors, pursuant to Bankruptcy Code section 341, is scheduled for November 9, 2015.

**B.    The Debtor's Business**

10.    The Debtor was in the business of producing and retailing "grab and go" organic or all natural juices, cleanses, and food items.  The Debtor produced its products at its commissary located in Long Island City, New York and sold its products at retail boutiques in prime Manhattan locations that operated under the name Organic Avenue.  The Debtor directly or indirectly, through wholly owned limited liability companies, leases the commissary space and the retail locations.

**C.    The Trustee's Expedited Sale Process**

11.    The Debtor's estate has little cash and the rent obligations under the Debtor's leases are burdensome, thus placing extreme time pressure on the Trustee to dispose of the leases and other assets as quickly as possible in order to avoid incurring administrative expenses.

12.    Since her appointment, the Trustee has moved aggressively to establish a marketing and sale procedure for the Debtor's leases and intellectual property assets.

13.    The Trustee filed a sale procedures motion on October 30, 2015 as to which an expedited hearing is scheduled for November 3, 2015.

**D.    The Debtor's Wholly-Owned Limited Liability Companies**

14.    The Debtor is the direct or indirect lessee under ten real property leases for space in Manhattan, used by the Debtor as retail stores.  The Trustee believes that the Debtor's leases, have substantial value.  The leased premises are located in premier Manhattan neighborhoods that have a scant supply of available retail space.  Further, the leases have substantial terms remaining. The Trustee is advised by her sales and marketing agents that there is a high demand for this type of space in the Manhattan commercial real estate market.  Therefore, the Trustee is

3

running an expedited sale process to, among other things, assign the leases or sell the Debtor's interests in the LLCs.

15.     The tenants identified on eight of the Leases for retail space (the "**LLC Leases**") are limited liability companies (the "**LLCs**") that are wholly-owned by the Debtor, but which are not debtors.  Below is a list of the leases and the tenant identified on such Lease:

| Location of Premises | Tenant | Name and address of Landlord |
|---|---|---|
| 254 Park Avenue South, New York, New York | OA 254 Park Avenue South LLC | 254 Pas Trevi LLC c/o Trevi Retail LLC 130 East 59th Street, Suite 14A New York, NY 10022 Attn: Frances M. Ames, Esq. |
| 640 Broadway, New York, New York | Organic Avenue 640 LLC | 640 Broadway Owners LLC c/o Winhaven Management Services Corp. 590 Madison Avenue, 21st Floor New York, NY 10022 |
| 261 West 21st Street, New York, New York | Organic Chelsea, LLC | Chelsea 8th Avenue, LLC 347 Fifth Avenue, 16th Fl., New York, NY 10016 |
| 515 Hudson Street, New York, New York | Organic Avenue WV LLC | Double Horse, Inc. c/o Helen Wong, President 67-25 Dartmouth Street, Suite 7J Forest Hills, NY 11375 and David A. Kaminsky, Esq. David A. Kaminsky & Assoc., P.C. 325 Broadway, Suite 504 New York, NY 10007 |
| 1021 Lexington Avenue, New York, New York | Organic Avenue Lexington LLC | John A. Werwaiss d/b/a Knickerbocker Realty Co. c/o Werwaiss & Co., Inc. 230 Park Avenue, # 945 New York, NY 10162 |

| Location of Premises | Tenant | Name and address of Landlord |
|---|---|---|
| 5 Bryant Park a/k/a 1065 Avenue of the Americas, New York, New York | OA 1065 Avenue of the Americas | TrizecHahn 1065 Avenue of the Americas Property Owner LLC c/o Equity Office, 1140 Avenue of the Americas, New York, NY 10036 Attn: Property Manager<br><br>and<br><br>TrizecHahn 1065 Avenue of the Americas Property Owner LLC c/o Equity Office, 2 North Riverside Plaza, Suite 2100 Chicago, IL 60606 Attn: Chief Counsel |
| 461 Amsterdam Avenue, New York, New York | Organic Avenue 82 LLC | 82GFG LLC c/o A.R. Walker and Company, Inc. 225 West 80th Street, New York, NY 10024 |
| 649 Lexington Avenue, New York, New York | Organic Avenue 55 LLC | 136 East 55th St., Inc. William C. Rudin, Esq. Goldfarb & Fleece LLP 345 Park Avenue, New York, New York 10154 |

16.     Based on the Debtor's books and records:  (a) the only asset of each LLC is its interest in the LLC Lease set forth above; (b) proceeds of the Debtor's operations paid all of the rent and additional rent for each LLC Lease; (c) the Debtor is the sole owner  of each LLC; and (d) the Debtor's machinery and equipment are located at the premises leased by each LLC and (e) the Debtor has a possessory interest in the LLC Leases.

17.     The principals of the Debtor chose not to file chapter 7 petitions for the LLC's, notwithstanding that the LLCs are wholly-owned by the Debtor and control the leases for eight out of the ten retail locations where the Debtor operated.  The Trustee has not yet been provided with the operating agreements for these entities. The Trustee may file chapter 7 petitions for such LLC's if necessary after she has had an opportunity to review their operating agreements and

5

further provided that the estate has cash available to fund the filing fees.

**E.**    **The Landlords Under the LLC Leases Are Taking Action**
**To Enforce Those Leases and Take Possession of the Leased Premises**

18.    The Trustee is greatly concerned that the landlords under the LLC Leases have taken or will imminently take action to terminate the Leases including by sending demands for rent, notices of default and termination and by commencement of actions in New York state court for non-payment and eviction.

19.    The Trustee has already received demands for past due rent from several landlords.  The Trustee may not be aware of all rent demands as there is typically a delay in forwarding mail from a debtor to a chapter 7 trustee.

**BASIS FOR RELIEF**

20.    The automatic stay will apply against non-debtors where there is a risk of imminent harm to the Debtor's estate in the absence of the extension of the stay.  The Second Circuit Court of Appeals, in *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003), set forth the general principles of when the automatic stay can be extended to non-debtors:  "The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate.  *Id*. at 287.  In the case before it, the Court held that the automatic stay applied to the debtor's wholly owned corporation because adjudication of a claim against the corporation would have an immediate adverse economic impact on the debtor.  *Id*. at 288.

21.    In a case just decided in August, 2015, *In re Congregation Birchos Yosef*, 535 B.R. 629, 633 (Bankr. S.D.N.Y. 2015), the court held that the automatic stay applied to prohibit the defendants in an adversary proceeding that the debtor had commenced from summoning the Debtor's principals to a religious court proceeding, which proceeding would attempt to

intimidate the debtor's principals from continuing the adversary proceeding.  The court found that clear and imminent harm would result to the debtor's principals from ignoring the call to appear in the religious court and entered an order enforcing the stay against the defendants and in favor of the principals of the debtor.  *See also North Star Contracting Corp. v. McSpedon (In re North Star Contracting Corp.)*, 125 B.R. 368, 370 (S.D.N.Y. 1991) ("courts have recognized that in circumstances where the debtor and the non-bankruptcy party can be considered one entity or as having a unitary interest, section 362(a)(1) stay may suspend an action against a non-bankruptcy party. . . or when such actions have a significant impact on the bankrupt."). [1]

22.    Eight of the ten leases for the Debtor's retail space are held by the wholly owned non-debtor LLC's.  Based on the records that the Trustee has reviewed to date, it appears that the Debtor paid all rent and expenses related to the leases held by each LLC and each LLC had no business except to hold a real property lease.

23.    The Trustee believes that the Debtor's leases, including the LLC Leases, have substantial value.  The leased premises are located in premier Manhattan neighborhoods that have a scant supply of available retail space.  The Trustee is advised by her sales and marketing agents that there is a high demand for this type of space in the Manhattan commercial real estate market.  Therefore, the Trustee is running an expedited sale process to, among other things, assign the leases or sell the Debtor's interests in the LLCs.

24.    The Trustee has received default notices from several of the LLC landlords demanding payment of prepetition rent and threatening to terminate such leases.  There may be additional default notices of which the Trustee is not aware because the Debtor's mail has not yet been forwarded to the Trustee.

---

[1] As an alternative basis for relief, section 105 of the Bankruptcy Code empowers this Court to issue an injunction against actions against non-debtors.  *See In re The 1031 Tax Group*, 397 B.R. 670 (Bankr. S.D.N.Y. 2008); *In re Granite Partners, L.P.* (Bankr. S.D.N.Y. 1996).

25.    The Debtor will suffer immediate adverse economic consequences if the LLC Leases are terminated.  If the LLC landlords are permitted to terminate the leases prior to the end of the Trustee's sale process, which is expected to conclude at the end of November, the value of the Debtor's estate could be eviscerated.

26.    Therefore, the Trustee is seeking entry of an order that extends and expands the automatic stay under section 362 of the Bankruptcy Code to the LLCs, to prevent the landlords under the LLC Leases from taking action to terminate, or that could lead to the termination of, the LLC's interest in them.

27.    The prejudice to these landlords from imposing the stay is minimal in that the Trustee has already moved, and is continuing to move, with alacrity to assess the leases, their market value and for possible assignment transactions for them, all in the face of the chapter 7 case having been in existence for only two weeks and the Debtor having not even scheduled the non-debtor LLC's as assets on its bankruptcy schedules.[2]

## NOTICE AND HEARING

28.    The Trustee has an immediate need for entry of the order sought herein and, accordingly, is seeking a hearing on an expedited basis, with service of the motion and scheduling order to be made upon the Debtor, US Trustee, parties having filed notices of appearance and the landlords identified above.

29.    Pending the hearing for this motion, the Trustee is seeking entry of a temporary relief, on an *ex parte* basis, applying and enforcing the automatic stay against the landlords pending the hearing on the motion.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court grant the relief

---

[2] Schedule B does disclose the Debtor's interest in the Leases and the names of the LLCs.

8

requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  Garden City, New York
        November 3, 2015

                              By: */s/  Jil Mazer-Marino*
                                      Jil Mazer-Marino
                              **MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
                              ***Proposed Counsel for the Interim Chapter 7 Trustee***
                              **990 Stewart Avenue, Suite 300**
                              **Garden City, New York  11530-9194**
                              **Telephone:  (516) 741-6565**
                              **Email: jmazermarino@msek.com**

1085170